## OBADIAH ARNOLD

### v.

## A. J. LUDLAM.

1. EVIDENCE *to support prosecution under Ch.* 35 *Rev. Stat. entitled "Drovers."* Proof that a drover was driving cattle through a part of this State, when some cattle of a citizen got into the drove; that the drover knew they were in his drove, and he, himself, aided in branding them with the initial letter of his name, and castrated a bull which was among the number; that he drove them twenty-five miles from their usual range through a thickly settled country, on every mile of the route there being a habitation, is sufficient to support an action for the penalty under the statute.

2. LARCENY—*what constitutes.* And such evidence would tend to establish a case of larceny by the drover.

3. INSTRUCTIONS—*should be based upon evidence.* In such a case, it is erroneous to instruct the jury, "that moving cattle by the owner, from one feeding place or grazing place to another, in the same neighborhood, does not constitute him a drover or person engaged in driving cattle, so as to subject him to the penalty under the statute," when there was no proof of a state of case such as was contemplated in the instruction, but on the contrary, a clear case was made out, within the statute. Such an instruction is well calculated to mislead a jury.

WRIT OF ERROR to the Circuit Court of McLean County; the Hon. CHARLES EMERSON, Judge, presiding.

Mr. R. E. WILLIAMS, for the plaintiff in error.

Mr. W. H. HANNA, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action commenced before a justice of the peace of McLean County, for the penalty provided by Ch. 35, for driving off the defendant's cattle, out of the range in which they usually run. A judgment was rendered for the plaintiff, from which the defendant appealed to the Circuit Court, in which court a judgment was rendered in his favor. From this

judgment the plaintiff prosecutes this writ of error, and assigns several errors, only one of which is deemed important to be noticed. It is the third, that the court erred in giving defendant's instructions.

The statute provides, whenever any drover or other person engaged in driving horses, cattle, mules, hogs, or sheep, through any part of the state, shall drive off, or shall knowingly and willfully suffer or permit to be driven off the premises of any citizen of this State, or from the range in which the stock of any such citizen usually run, to any distance exceeding five miles from such premises or range, any horses, mules, neat cattle, hogs or sheep belonging to such citizen, it shall be lawful for the owner to follow and reclaim the same wherever it may be found; and for the taking and driving away, or suffering or permitting the same, the owner shall be entitled to recover from the drover or other person or persons guilty thereof, for each head of horses, mules, neat cattle, hogs or sheep so driven away, twice the value thereof, to be recovered in an action of debt before any justice of the peace of the proper county, or any court having competent jurisdiction thereof, provided, however, that if the owner shall not pass any habitation within five miles, and shall separate the cattle or other stock from the drove, at the next habitation, in such case, no action shall accrue to the owner. (Scates' Comp. 90.)

The proof in this case is positive, that the defendant was driving his herd of cattle through a part of this State, to a range on Salt Creek, when the plaintiff's cattle got into the drove. That the defendant knew they were in the drove, and he, himself, aided in branding them with the initial letter of his name, and castrated the bull; that he drove them twenty-five miles from the usual range, through a thickly settled country, and on every mile of his route there was a habitation.

Under these facts the court instructed the jury that moving cattle by the owner, from one feeding place or grazing place to another, in the same neighborhood, did not constitute him a

drover or person engaged in driving cattle, so as to subject him to this penalty.

There are several errors in this instruction. In the first place there was no proof the defendant was driving his cattle from one grazing place to another, nor that the place to which he was driving them was in the same neighborhood of the usual range of his own cattle. The proof makes out a clear case of driving cattle, such as is contemplated by the statute, and the instructions were well calculated to mislead the jury, and induce the result to which they arrived. The facts of the case tend to establish a case of larceny by this defendant. That he is clearly amenable to this statute, under this proof, we do not entertain a doubt.

The judgment of the Circuit Court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*